UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS J. STAMEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHNATHON CASIANO, MICHAEL DITTO, KODESH STENDAL, JOEL HINDS, ADRIEL HARPER, ORLANDO MALDONANDO, CHARLES TINDER, HEATHER MONTEZ, MICHAEL GAPSKI, KIMBERLY GRANDSTAFF, PORTER,<br><br>Defendants. | CAUSE NO. 3:26-CV-628-CCB-SJF |

**OPINION AND ORDER**

Thomas J. Stamey, a prisoner without a lawyer, filed a complaint suing eleven individuals at the Miami Correctional Facility (MCF) for allegedly being deliberately indifferent to his mental health needs which led him to injure himself with a plastic spork while he was on suicide watch. ECF 2. He also alleges the mailroom supervisor at MCF withheld his legal mail and opened copies of it outside of his presence. These claims are unrelated. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (litigant can't combine his claims against different parties "into one stewpot").

"Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit Court of Appeals has repeatedly urged district courts to "be alert" to the issue of unrelated claims. *Owens v.*

*Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In *Owens*, the court "warned that district courts should not allow inmates to flout the rules for joining claims and defendants, *see* Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Id.*; *see also* *Thompson v. Bukowski*, 812 Fed. Appx. 360, 363 (7th Cir. 2020) (noting that "mere overlap between defendants is not enough" and affirming dismissal of unrelated claims at the screening stage where plaintiff made "no specific argument" that the questions or law or fact were "common to all defendants"). Stamey's unrelated claims can't be brought together in one lawsuit simply because they happened to him at the same prison. *Thompson*, 812 Fed. Appx. at 363.

When a plaintiff files a complaint with unrelated or mis-joined claims, the court generally allows him to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler*, 689 F.3d at 683 (district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants"). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Thus, Stamey needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form, which can be found in the prison law library, including only a discussion of those related claims and defendants. He needs to explain in his own

words what happened, when it happened, where it happened, who was involved, and how he was personally injured—providing relevant facts about what occurred. He should not write about other events and conditions at MCF that are not directly related to the claim against the named defendant or defendants. If he wants to pursue any other unrelated claims, Stamey must file a separate complaint for each group of unrelated claims. Each complaint will be assigned a new case number and will proceed as an independent case, subject to the usual filing fees, costs, and constraints of the Prisoner Litigation Reform Act.[1]

Two additional matters must be addressed. After he filed his complaint, Stamey was transferred to the Putnamville Correctional Facility (PCF). ECF 5. Following his transfer to PCF, Stamey filed a motion for preliminary injunctive relief. ECF 7. He says officials at PCF have denied him "full access to all of the available legal research materials," and he asks the court to issue an emergency order granting him "access to legal materials at all times." ECF 7. A preliminary injunction is a "very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). To obtain a preliminary injunction, a movant "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior

[1] If he files an amended complaint that still contains unrelated claims, the court reserves the right to choose one for him and dismiss the rest without prejudice. *See Owens*, 635 F.3d at 952 ("Complaints like this one from Owens should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal citations omitted)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Stamey has no chance of success on the merits because his injunctive relief request doesn't pertain to any of the defendants he is suing at MCF. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison [or released from custody], his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.") (internal quotation marks and citation omitted)). In other words, officials at MCF aren't able to provide the relief he seeks at PCF—to the extent he has such a claim, it must be brought separately against the defendant(s) there.[2]

Finally, Stamey filed a motion to order PCF to "remove filing fees in full" and send the money to this court. ECF 6. He notes he currently has the full filing fee amount available in his trust fund account. However, the court has not received any payments from Stamey. Because he has not filed a motion to proceed in forma pauperis—and because he admits he has the funds available to pay the fee—it is his responsibility to submit the required $405 to this court. Therefore, his request will be denied, and he will be granted additional time to resolve his filing fee status.

For these reasons, the court:

---

[2] PCF is located in the Southern District of Indiana.

(1) **DENIES** the motion for preliminary injunction (ECF 7);

(2) **DENIES** the motion to remove/send fees (ECF 6);

(3) **ORDERS** Thomas J. Stamey to submit an amended complaint containing only

related claims on the court's approved form by **October 5, 2026**;

(4) **ORDERS** Thomas J. Stamey to pay the $405 filing fee by **October 5, 2026**; and

(5) **CAUTIONS** Thomas J. Stamey that is he doesn't do so by the deadline, this case may be dismissed without further notice.

SO ORDERED on September 30, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT